United States District Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK-ALLEN MCCLAIN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-3240 |
| | § | |
| I-10 MAC HAIK CDJR LTD, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Roderick-Allen McClain ("McClain"), who is proceeding *pro se* and *in forma pauperis*, used a fraudulent bank draft to buy a pickup truck. He has sued four defendants who were involved in the repossession of the truck for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"). Three of the defendants—I-10 Mac Haik CDJR, Ltd. d/b/a Mac Haik Chrysler; Dawn Krieg; and Henry L. Robertson, or "the Mac Haik Defendants"—have filed a motion for summary judgment (Dkt. 31), which is **GRANTED**. The claims against the remaining defendant, RBEX, Inc. d/b/a Apple Towing Co. ("RBEX"), are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") as frivolous and for failure to state a claim on which relief may be granted.

### BACKGROUND

McClain bought a Dodge Ram pickup from Mac Haik Chrysler and paid for it with this bank draft:

Dkt. 20 at p. 4; Dkt. 25-4.

No financial institution would honor the bank draft, so the Mac Haik Defendants sued McClain in Texas state court, seeking damages and the return of the truck. (Dkt. 25-1). RBEX repossessed the truck for the Mac Haik Defendants, who prevailed in the state-court lawsuit. (Dkt. 20 at p. 5; Dkt. 31-2).

In this case, McClain has sued the defendants under the FDCPA. (Dkt. 20). He has amended his complaint twice and has submitted a sworn affidavit. (Dkt. 18; Dkt. 20; Dkt. 27). McClain's filings are mostly incomprehensible, but he is evidently an adherent of "redemption" theory. The Eighth Circuit has provided the following helpful explanation of redemption theory:

> One theory of the common law movement is the so-called "redemption" theory, which teaches that individuals can utilize the Uniform Commercial Code to create fictitious "Treasury Direct Accounts" in the United States Treasury Department. According to the redemption theory, the United States went bankrupt when it rejected the gold standard in 1933 and thereafter covered the country's debt by converting the physical bodies of its citizens into assets.

2 / 11

> Followers of the redemption theory believe each citizen has a "private side" and a "public side." The theory provides that the government owns each citizen's public side or "straw man" by holding title to each citizen's birth certificate. By filing UCC-1 financing statements and their birth certificates in a state that accepts such filings, followers of this theory believe they can "redeem" their birth certificates. Redemption theorists view the redeemed birth certificate as an asset on which they place a value of up to $2 million and assert the U.S. Treasury Department acts as a clearinghouse for the funds. Under this theory, they then create money orders and sight drafts drawn on their Treasury Direct Accounts to pay for goods and services.
>
> *United States v. Getzschman*, 81 Fed. App'x 619, 620 (8th Cir. 2003).

The Eighth Circuit's description is consistent with McClain's claims. As one can see from the picture above, the fraudulent bank draft with which McClain attempted to buy the truck references the Uniform Commercial Code and the United States Treasury. (Dkt. 25-4). Moreover, his signature block references "pre-March 9, 1933" United States citizenship:



Dkt. 27 at p. 7.

And his filings contain many pages of language like this:

> The following Affidavit of Foreign Status is a public notice to all interested parties concerning the Affiant's "birthrights" and his "status" as an "AMERICAN INHABITANT", as that status would apply with respect to the American States (the 50 independent States of the Union) and also with respect to the "United States", as follows:
>
> 1.     The Affiant, Roderick Allen McClain, was natural born a free Sovereign in Michigan, which is one of the sovereign States of the Union of several States joined together to comprise the confederation known as the united States of America. He is, therefore, a "nonresident alien" individual with respect to the "United States", which entity obtains its exclusive legislative authority and jurisdiction from Article 1, Section 8, Clause 17 and Article 4, Section 3, Clause 2 of the Constitution for the united States of America. The Affiant's parents were Sovereigns also, born in sovereign States of the Union. As the progeny of Sovereign people, the Affiant was born "... one of the sovereign people .... A constituent member of the sovereignty synonymous with the people." Scott vs Sanford, 19 How. 404. The Affiant is alien to so-called 14th

Dkt. 27 at p. 9.

In those filings, McClain contends that he "is not subject to the limited, exclusive territorial or political jurisdiction and authority of the 'United States' as defined" and that he "had no liability for any type, kind or class of Federal Income Tax in past years and was and is entitled to a full and complete refund of any amounts withheld, because any liability asserted, and amounts withheld were premised upon a mutual mistake of fact regarding [his] status." (Dkt. 27 at pp. 10–13).

To say the least, courts have not been receptive to redemption theory. "From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous." *Hennis v. Trustmark*

*Bank*, No. 2:10-CV-20, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) (collecting cases); *see also, e.g., Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) (collecting cases) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail. . . . Other courts addressing claims nearly identical to Plaintiff's have found likewise."); *McLaughlin v. Citimortgage, Inc.*, 726 F. Supp. 2d 201, 209–14 (D. Conn. 2010) (collecting cases) (giving thorough description of redemption theory and two related theories) ("[I]f, as the Court strongly suspects, the allegations contained in the Amended Complaint are premised on one or more of the above-described theories, that fact alone would be sufficient to grant CitiMortgage's Motion to Dismiss, as all three of these theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years."); *United States v. Fritz*, No. SA-12-CA-550, 2013 WL 12108596, at *3 (W.D. Tex. Aug. 7, 2013), *adopted*, 2014 WL 12537176 (W.D. Tex. Feb. 24, 2014), *aff'd*, 608 Fed. App'x 259 (5th Cir. 2015) ("Steven Fritz is wrong in his contention that the United States is a private corporation that may not enforce the Internal Revenue Code. [T]his argument is nonsensical and without merit."). In fact, the theory's adherents have been prosecuted for various criminal offenses, including "producing or passing fictitious financial documents appearing or purporting to be issued under the authority of the United States." *Getzschman*, 81 Fed. App'x at 621; *see also United States v. Allison*, 264 Fed. App'x 450, 452 (5th Cir. 2008) (describing redemption theory as "peculiar" and affirming an adherent's convictions for corruptly interfering with the administration of the Internal Revenue Code and willfully making and subscribing false

documents); *Bryant*, 524 F. Supp. 2d at 760 ("I take judicial notice of the fact that Barton A. Buhtz, whose theories and advice regarding 'redemption' and Bills of Exchange were explicitly relied upon by Plaintiff, was recently convicted in Oregon, along with several co-defendants, of criminal fraud charges related to the passing of Bills of Exchange."). Some of the criminal prosecutions bear more than a passing resemblance to this case; *Getzschman*, for instance, involved, among other things, an "attempt[] to purchase a Toyota Land Cruiser using a sight draft drawn on the Department of Treasury[.]" *Getzschman*, 81 Fed. App'x at 621.

## LEGAL STANDARDS

The Mac Haik Defendants have moved for summary judgment, and RBEX has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). In light of McClain's *in forma pauperis* status and the developed summary judgment record, the Court previously denied RBEX's motion to dismiss as moot. (Dkt. 32). The Court will now grant the Mac Haik Defendants' motion for summary judgment and dismiss the claims against RBEX under Section 1915.

*—Summary judgments*

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id*. at 322–23.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co*., 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks

omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Although McClain is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise *pro se* parties of their burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

*—Section 1915*

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28

U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

An *in forma pauperis* case may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Newsome*, 301 F.3d at 231. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.*

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations satisfy the federal pleading standard. *Id.; see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Court concludes that McClain's claims are subject to dismissal under both Rule 56 and Section 1915. As discussed above, McClain subscribes to redemption theory and has argued that theory to the Court. Redemption theory provides the only basis for his claims against the defendants, and that basis is indisputably meritless.

McClain does not allege or provide proof that he tendered any sort of valid payment for the truck that Defendants repossessed from him. To the contrary, "the legal authorities [McClain] cites and the facts [he] alleges suggest that [he] did not tender payment, but rather a worthless piece of paper." *Bryant*, 524 F. Supp. 2d at 760. Because McClain did not tender any payment for the truck, Defendants did not violate the FDCPA simply by suing him and repossessing it. McClain points to no potentially actionable conduct by any defendant. Accordingly, the Court will dismiss the claims against the Mac Haik Defendants under Rule 56 and will dismiss the claims against RBEX under Section 1915. *See Stokes v. Navient Department of Education Loan Servicing*, No. 2:18-CV-47, 2019 WL 3183587, at *7 (M.D. Ala. June 18, 2019), *adopted*, 2019 WL 3162431 (M.D. Ala. July 15, 2019) ("Plaintiff fully acknowledges that he executed the promissory notes for the student loans he now owes to Defendant. His only basis for claiming that Defendant's collection attempts violated the FDCPA and FCRA is a sovereign citizen theory that he never owed or no longer owes the money to Defendant. Thus, Plaintiff's claims brought pursuant to the FDCPA and FCRA are not factually plausible and do not permit a court to reasonably infer that Defendant's alleged misconduct was unlawful.").

## CONCLUSION

The motion for summary judgment filed by Defendants I-10 Mac Haik CDJR, Ltd. d/b/a Mac Haik Chrysler; Dawn Krieg; and Henry L. Robertson (Dkt. 31) is **GRANTED**. The claims against the remaining defendant, RBEX, Inc. d/b/a Apple Towing Co., are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted. McClain's claims are **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on January 23, 2023.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE